IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE FLORIDA CEMENT AND   MASTER DOCKET NO. 09-23493-CIV-
CONCRETE ANTITRUST LITIGATION ALTONAGA/BANDSTRA
_____/
(INDIRECT PURCHASER ACTION)

**INDIRECT PURCHASER PLAINTIFFS' REPLY TO DEFENDANTS' "OMNIBUS" MEMORANDUM OF LAW IN OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' MOTION FOR ADDITIONAL DEPOSITIONS [D.E. 349] AND INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ADDITIONAL DEPOSITIONS [D.E. 232] AND REVISED REQUEST**

Indirect Purchaser Plaintiffs ("Plaintiffs"), through undersigned counsel, hereby file this *Reply to Defendants' "Omnibus" Memorandum of Law in Opposition to Direct Purchaser Plaintiffs' Motion for Additional Depositions [D.E. 349] and Indirect Purchaser Plaintiffs' Motion for Additional Depositions [D.E. 232] and Revised Request* [ECF No. 234] (the "*Reply*") and state as follows:

1. Simply put, the Defendants' "omnibus," "one size fits all" response to the Motions of the Direct and Indirect Plaintiffs conveniently overlooks the fact that the cases are different.  It's interesting to note that the Defendants are the first to point out, whenever it is expedient, all of the additional burdens that the Indirect Plaintiffs bear, and they have done that from the first *Motion to Dismiss* filed in this case.

2. The cases are not identical and the Plaintiffs have the additional burdens of showing pass-through and of complying with this Court's Order dated November 17, 2011 [ECF No. 226] which requires persuading the Court that any supplements to the Plaintiffs' expert report regarding class certification will not prejudice the Defendants (or that the supplements benefit Defendants).

3.      The Plaintiffs would sign on to the agreement between the Direct Plaintiffs and the Defendants, except for the four (4) 30(b)(6) depositions of the Defendants who have been each noticed with respect to the Defendants' collection of downstream pricing information since if the Defendants, in fact, collected that information, they could not possibly be prejudiced by the supplements to Dr. Singer's Report.  The depositions are anticipated to take one (1) hour each or less and can be done by telephone.

4.      Not a single one of the arguments advanced by the Defendants addresses either of the additional needs of the Plaintiffs.

5.      This request complies with Local Rule 16.1 in that, as evidenced by the Motions and Responses filed in connection with this issue, the negotiations regarding the number of depositions have been ongoing, and the suggestion that the Plaintiffs have somehow abdicated their responsibilities under Local Rule 16.1 is disingenuous at best.

6.      This request complies with Fed. R. Civ. P. 26 since the request was made when it became apparent that additional depositions would be required and that the discussions with the Defendants had not been fruitful.  Moreover, the additional burden placed on the Plaintiffs by this Court's Order of November 17, 2011 regarding prejudice (or benefit to the Defendants) certainly makes this request timely.

7.      The Plaintiffs seek to be bound by the same stipulation as the Direct Purchaser Plaintiffs, except as to the four (4) 30(b)(6) depositions of Defendants regarding knowledge of downstream pricing that are currently set.  The Stipulation in the form given to Plaintiffs is attached as **Exhibit 1**.

8.      The request of Plaintiffs to be bound by the stipulation of the Direct Purchaser Plaintiffs, except as to the four (4) 30(b)(6) depositions that are currently set, has not been

discussed directly with Defendants since undersigned counsel has been advised that the Defendants want both the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs to deal through a single attorney.  See **Exhibit 2** attached.

<u>**CONCLUSION**</u>

The Plaintiffs respectfully request that this Court extend to them the stipulation entered into by the Defendants and the Direct Purchaser Plaintiffs, plus permit the four (4) 30(b)(6) depositions of Defendants currently set with respect to the collection of downstream pricing information by Defendants.

Dated:  December 6, 2011                    Respectfully submitted,

/s/ Arthur Halsey Rice
Arthur Halsey Rice
**RICE PUGATCH ROBINSON &
SCHILLER, P.A.**
*Indirect Purchaser Plaintiffs' Interim
Co-Lead Class Counsel*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (305) 379-3121
Facsimile: (954) 462-4300
arice@rprslaw.com

Daniel Hume
David E. Kovel
Kenneth G. Walsh
**KIRBY McINERNEY LLP**
*Indirect Purchaser Plaintiffs' Interim
Co-Lead Class Counsel*
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 317-2300
Facsimile: (212) 751-2540
dhume@kmllp.com
dkovel@kmllp.com
kwalsh@kmllp.com

Herman J. Russomanno
Herman J. Russomanno, III
**RUSSOMANNO & BORELLO**
*Indirect Purchaser Plaintiffs' Liaison Counsel*
150 West Flagler Street, Suite 2800
Miami, Florida 33130-1560
Telephone: (305) 373-2101
Facsimile: (305) 373-2103
hrussomanno@russomanno.com
herman2@russomanno.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to all parties listed below this 6th day of December, 2011.

_____/s/ Arthur Halsey Rice_____
ARTHUR HALSEY RICE

## SERVICE LIST

### VIA ELECTRONIC MAIL

*Direct Purchaser Plaintiffs' Interim Co-Lead Class Counsel*
mhausfeld@hausfeldllp.com
wbutterfield@hausfeldllp.com
bratner@hausfeldllp.com
rbunche@hausfeldllp.com
hsalzman@labaton.com
jhimes@labaton.com
gasciolla@labaton.com
sgassman@labaton.com
wisaacson@bsfllp.com
mfriedrich@bsfllp.com
etakashima@bsfllp.com
szack@bsfllp.com
mheise@bsfllp.com

*Direct Purchaser Plaintiffs' Interim Liaison Counsel*
rjosefsberg@podhurst.com
kezell@podhurst.com
arundlet@podhurst.com

*Indirect Purchaser Plaintiffs' Interim Co-Lead Class Counsel*
arice@rprslaw.com
dkovel@kmllp.com
kwalsh@kmllp.com
dhume@kmllp.com

*Indirect Purchaser Plaintiffs' Liaison Counsel*
hrussomanno@russomanno.com
herman2@russomanno.com

5

*Counsel for Defendant Cemex Corp.*
shepard.goldfein@skadden.com
paul.eckles@skadden.com

clifford.aronson@skadden.com
matthew.martino@skadden.com
mnachwalter@kennynachwalter.com
ebh@kennynachwalter.com
jgarcia@kennynachwalter.com

*Counsel for Defendant Florida Rock Industries, Inc.*
bhoffman@hunton.com
rshores@hunton.com
msteinberg@hunton.com
mlevitt@hunton.com
lkostyshak@hunton.com

*Counsel for Defendant Tarmac America LLC*
fgb@jordenusa.com
laura.taylor@aporter.com
james.cooper@aporter.com
ryan.watts@aporter.com
rjo@jordenusa.com

*Counsel for Defendant Prestige AB Management Co., Inc.*
brosnick@butzel.com
steffans@butzel.com
christopher.hopkins@akerman.com

J:\Wpdocs\4501 Cemex Corp\Pleadings\Motions\Reply To Defendants' Omnibus Memorandum Of Law V2.Docx

DRAFT 12.6.11

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

*In re* **FLORIDA CEMENT AND**
**CONCRETE ANTITRUST LITIGATION**

**MASTER DOCKET NO. 09-23187-CIV-**
**ALTONAGA/BROWN**

*(DIRECT PURCHASER ACTION)*

*In re* **FLORIDA CEMENT AND**
**CONCRETE ANTITRUST LITIGATION**

**MASTER DOCKET NO. 09-23493-CIV-**
**ALTONAGA/BROWN**

*(INDIRECT PURCHASER ACTION)*

## STIPULATION AND [PROPOSED] ORDER
## REGARDING DEPOSITIONS

Depositions in the above-referenced matters will proceed according to the following

protocol:

(A)     The following currently-noticed depositions of Defendants' employees or former

employees may be taken by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs

("Plaintiffs"):  Brian Deering; William Nagy; Jorge Wagner; Jerry Stout; Carl Watson Jr.; Frank

Craddock; Tom Baker; Rick Edwards; Hardy Johnson.  In addition, the currently-noticed

depositions of the direct purchaser absent class members whose declarations were filed as

exhibits to Defendants' Oppositions to Direct Plaintiffs' Motion for Class Certification and

Indirect Purchaser Plaintiffs' Motion for Class Certification may be taken by Plaintiffs:  Allen

Poston; Murray Rice; Lloyd Hollingsworth; Chris Schultz; John Suglio; Brenda Tartaglia; Dave

Hutchins; JR Ralston; Vernon Sommers.

(B)     The Direct Purchaser Plaintiffs and Indirect Purchaser plaintiffs may take an

additional six (6) joint depositions (whether of Defendants, Defendants' employees, or third-

parties) to be agreed upon and noticed jointly by the Direct Purchaser Plaintiffs and Indirect

Purchaser Plaintiffs, provided, however, that no more than two (2) of these depositions may be



DRAFT 12.6.11

taken of any Defendant or of the Defendants' current employees.

(C)     Defendants may take an additional six (6) joint depositions (whether of Plaintiffs, Plaintiffs' employees, or third-parties) to be agreed upon and noticed jointly by the Defendants provided, however, that no more than two (2) of these depositions may be taken of any Plaintiff or of the Plaintiffs' current employees.

(D)     The parties reserve the right to seek leave of Court (or agreement from the opposing party) for additional depositions over and above the limits set out above (whether because the additional joint depositions have been used or because one Defendant or one of the Direct Purchaser Plaintiffs or Indirect Purchaser Plaintiffs wishes to take a deposition but cannot obtain the necessary joint agreement).  Absent agreement with opposing counsel, such additional depositions will only be granted by the Court upon a particularized showing of good and just cause.  "Good and just cause" requires more than that the witness may have some relevant, non-duplicative information.  The parties shall first meet and confer regarding any request for additional depositions.  If the parties are unable to agree, then the party or parties wishing to add additional custodians may move the Court for appropriate relief.


         **DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of _____, _____.


                                        _____
                                        **CECILIA M. ALTONAGA**
                                        **UNITED STATES DISTRICT JUDGE**

## Arthur Rice

| | |
|---|---|
| **From:** | Ralph J. Bunche <rbunche@hausfeldllp.com> |
| **Sent:** | Tuesday, December 06, 2011 2:43 PM |
| **To:** | Arthur Rice |
| **Cc:** | kwalsh@kmllp.com; David Kovel |
| **Subject:** | RE: |
| **Attachments:** | image001.jpg; image002.jpg; imagebde286.jpg@2c1d2895.b9494553 |

Defendants have requested that the Directs coordinate with the indirects on this. They do not want to be negotiating with two sides. This is the deal they are amenable to.

However, I think your dropping the 30(b)(6)'s solves the problem doesn't it? The only outstanding deposition is the one you noticed yesterday, correct? If so, I would propose getting the documents and we will all discuss whether this is one of the six additional depositions we want to take jointly: though I will say that the reaction from my group yesterday is that it is most likely not.

**Ralph J. Bunche, Associate**
Licensed to practice in the State of New York
Not admitted to the DC Bar. Supervised by the Principals of the Firm.
rbunche@hausfeldllp.com



1700 K Street, NW, Suite 650, Washington, DC 20006
202.540.7200 main / 202.540.7201 fax / www.hausfeldllp.com

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information.
If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.



EXHIBIT
tabbies
2